**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FRANCIS P. EAGEN, III,

      Petitioner,

        v.

THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA,
THE DISTRICT ATTORNEY OF
LACKAWANNA COUNTY, AND THE
PROBATION AND PAROLE
DEPARTMENT OF LACKAWANNA
COUNTY,

      Respondents.

NO. 3: CV-03-1266

(JUDGE CAPUTO)

## MEMORANDUM

      Before me is Petitioner Francis Eagen III's Amended Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 16.) Respondents Attorney General of the Commonwealth of Pennsylvania, et al., have filed an Answer to the Petition for Writ of Habeas Corpus. (Doc. 17.)

      In his Amended Petition, Petitioner challenges his conviction in the Lackawanna County Court of Common Pleas on the following grounds: (1) the conviction was unconstitutionally obtained by coerced and false accusations against Petitioner; (2) the Commonwealth of Pennsylvania coerced the false accusations; (3) trial and appellate counsel were ineffective on twelve grounds; (4) the conviction was obtained by a grand jury that was unconstitutionally selected and impaneled; (5) the conviction and denial of Petitioner's original Petition under the Post-Conviction Relief Act ("PCRA") were based upon

a violation of Petitioner's due process rights and rights to confrontation; (6) the Commonwealth did not disclose to Petitioner favorable evidence; and (7) the conviction is a miscarriage of justice because Petitioner is actually innocent.  The matter is fully discussed below.

> According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
>
> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

A district court reviewing a motion for writ of habeas corpus shall presume that factual determinations made by a state court are correct.  *Id*.  The petitioner has the burden of rebutting the presumption of correctness with clear and convincing evidence.  § 2254 (e)(1).

Pursuant to § 2254(d), a district court reviewing a habeas petition must first determine whether the claim was adjudicated on the merits.  "An 'adjudication on the merits' has a well-settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004), *rev'd on other grounds sub nom. Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456 (2005).  "A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim

2

without any discussion whatsoever." *Id.* (citing *Chadwick v. Janecka*, 312 F.3d 597, 605-07 (3d Cir. 2002) (discussing *Weeks v. Angelone*, 528 U.S. 225, 237 (2000)); s*ee also Sellan v. Kuhman*, 261 F.3d 303, 312 (2d Cir. 2001) (a state court adjudicates a claim on the merits when it: "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment... [e]ven if the state court does not explicitly refer to... relevant federal case law"). If the district court determines that a claim was not adjudicated on the merits in state court, § 2254(d) does not apply. *Chadwick*, 312 F.3d at 605-07.  In that case, "the federal habeas court must conduct a *de novo* review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

Conversely, if the district court determines a claim was adjudicated on the merits in state court, then the district court may proceed to the exceptions under § 2254(d).  Under the first exception, the district court shall not grant a habeas motion "with respect to any claim adjudicated on the merits in state court unless the adjudication of the claim "[resulted] in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  § 2254(d).

"Contrary to" and "unreasonable application" have independent meanings. *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).  "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-13;

3

*see also Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000).  On the other hand, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal rule from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the particular case."  *Williams,* 529 U.S. at 407.  The "unreasonable application" test is objective.  *Id*. at 410-11 ("[A] federal habeas court may not issue the writ simply because the court concludes... that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.").

Under the second exception, the district court shall not grant a habeas motion "with respect to any claim adjudicated on the merits in state court unless the adjudication of the claim [resulted] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  § 2254(d).  As noted, a district court reviewing a motion for writ of habeas corpus shall presume that factual determinations made by a state court are correct.  *Id*.  The petitioner has the burden of rebutting the presumption of correctness with clear and convincing evidence.  § 2254 (e)(1); *see also Campbell v. Vaughn*, 209 F.3d 280, 285 (3d Cir. 2000).

Respondent contends that Petitioner is barred by § 2254(d) on the following claims:

**Claim 1: Coerced and False Accusations**

Petitioner claims he is entitled to relief because his conviction was unconstitutionally obtained by coerced and false accusations against Petitioner (Doc. 16).  Respondent contends that Petitioner is barred by § 2254(d).  (Doc. 17 at 21.)

The Court must first determine whether Petitioner's claim was adjudicated on the

4

merits in state court.  The Court of Common Pleas of Lackawanna County, Pennsylvania, denied Petitioner's PCRA Petition.  (App. Tab U).  Regarding Petitioner's present claim of coerced and false allegations, the Court of Common Pleas held that Petitioner's accuser "did not recant any of his testimony against [Petitioner] pertaining to the obstruction of justice charge for which [Petitioner] was convicted."  (App. Tab T at 5.)  Further, the Court of Common Pleas also held that "whether [testimony of Petitioner's accuser] was facilitated by the district attorney's office... [was] for the jury to decide." (App. Tab T at 5.)  The court rendered its decision based on the substance of this claim; therefore, this claim was adjudicated on the merits, and § 2254(d) applies.

Next, the Court must turn to whether Petitioner is barred by § 2254(d).  Petitioner's claim is based on factual determinations made by the state court, so it must be examined in light of the "unreasonable determination of the facts" exception.  In denying Petitioner's PCRA Petition, the Court of Common Pleas found as fact that Petitioner's accuser, Philip Bosha, invoked his Fifth Amendment privilege against self-incrimination on ten questions at the PCRA hearing, including whether Bosha recanted or told others he falsely testified. (App. Tab T at 3.)  The Court of Common Pleas also noted, however, that "[a]t the PCRA hearing Philip Bosha testified that his trial testimony was truthful about the activities of [Petitioner] [regarding the charge Petitioner was convicted of]."  (App. Tab T at 5.)

In his amended petition, Petitioner seems to argue that Bosha's invocation of this privilege equates to recantation. (Doc. 16 at 19.) Further, Petitioner cites testimony from the PCRA hearing concerning statements Philip Bosha allegedly made to third parties after Petitioner's trial.  (Doc. 16 at 15-16.)  The Court of Common Pleas, however, ruled these statements were inadmissable as hearsay.  (App. Tab T at 5.)  The Court of Common Pleas

thus held that "no legally admissible evidence was presented at the PCRA hearing which would constitute a recantation, either in whole or in part, of Philip Bosha's testimony with respect to the single count of obstruction of justice for which Petitioner was convicted."  App. Tab T at 5.)

In light of the legally admissible evidence presented at the PCRA hearing, the Court of Common Pleas made no finding that Philip Bosha recanted his testimony.  Petitioner's argument is largely based on legally inadmissible evidence and the assumption that invocation of the Fifth Amendment privilege against self-incrimination at the PCRA hearing constitutes recantation of testimony at Petitioner's trial, where Bosha answered every question.  It should also be noted that Philip Bosha was one of many persons who testified at Petitioner's trial concerning the charge against Petitioner.  Additionally, the elements of the charge of which Petitioner was convicted were varied, and were not limited solely to testimony of Philip Bosha or any other single witness.  For these reasons, Petitioner has failed to prove that the Court of Common Pleas' finding that Philip Bosha recanted his testimony was an "unreasonable determination of the facts," pursuant to § 2254(d).  Therefore, Petitioner is not entitled to relief on this claim.

### Claim 2: Coercion of False Accusations

Petitioner claims he is entitled to relief because the Commonwealth of Pennsylvania coerced the aforementioned false accusations against Petitioner.  (Doc. 16). Respondent contends that Petitioner is barred by § 2254(d).  (Doc. 17 at 21.)

The Court must first determine whether Petitioner's claim was adjudicated on the merits in state court.  The Court of Common Pleas denied Petitioner's PCRA Petition.  (App.

6

Tab U.)  Regarding Petitioner's present claim of coercion of false accusations, the Court of Common Pleas held that whether [testimony of Petitioner's accuser] was facilitated by the District Attorney's office... [was] for the jury to decide at the trial." (App. Tab T at 5.)  The court rendered its decision based on the substance of this claim; therefore, this claim was adjudicated on the merits.

Next, the Court must turn to whether Petitioner is barred by § 2254(d).  Petitioner's claim must be examined in light of the "unreasonable determination of the facts" exception, as it is a factual determination made by the state court.  In denying Petitioner's PCRA Petition, the Court of Common Pleas found as fact that Petitioner's accuser, Philip Bosha, invoked his Fifth Amendment privilege against self-incrimination to ten questions at the PCRA hearing, including whether he was coerced or threatened by the Attorney General's Office or the Lackawanna County District Attorney's Office.  (App. Tab T at 3-4.)  The Court of Common Pleas also noted, however, that "no *state or federal prosecutor or investigator* requested any favorable treatment for Philip Bosha during the course of his incarceration at the Lackawanna County Prison."  (App. Tab T at 4.)

In his Amended Petition, Petitioner makes the same arguments as he made for claim one, coerced and false accusations, which were previously discussed.  The Court of Common Pleas held that Philip Bosha's testimony was lacking in credibility, but "whether such was facilitated by the District Attorney's Office... [was] for the jury to decide at the trial." (App. Tab T at 5.)

In light of the legally-admissible evidence presented at the PCRA hearing, the Court of Common Pleas made no finding that any state or federal prosecutor or investigator coerced false accusations.  As noted, Petitioner's argument is largely based on legally

7

inadmissible evidence and the assumption that invocation of the Fifth Amendment privilege against self-incrimination at the PCRA hearing constitutes recantation of testimony at Petitioner's trial, where Bosha answered all questions.  For these reasons, Petitioner has failed to prove that the state court's finding that no state or federal prosecutor or investigator coerced false accusations was an "unreasonable determination of the facts," pursuant to § 2254(d).  Therefore, Petitioner is not entitled to relief on this claim.

### Claim 3: Ineffective Counsel

Petitioner claims he is entitled to relief because trial and appellate counsel were ineffective on twelve grounds.  (Doc. 16 at 25-32.)  Respondent contends that counsel was exercising its trial strategy and was not ineffective.  Respondent further contends that Petitioner's claim is barred by § 2254(d).  (Doc. 17 at 32-43.)

The Court must first determine whether Petitioner's claim was adjudicated on the merits in state court.  The Court of Common Pleas denied Petitioner's Petition.  (App. Tab U.)  The Court of Common Pleas held overall that Petitioner's counsel was not ineffective.  (App. Tab T at 12-14.)  ("[T]he case was well tried."  (App. Tab T at 14).)

Petitioner alleges twelve grounds on which counsel was ineffective.  (Doc. 16 at 25-32.)  The following claims were adjudicated on the merits in the Court of Common Pleas: (1) failure to present helpful witness testimony (Doc. 16 at 26; App. Tab T at 12-13); (2) failure to call Ron Walton concerning special treatment (Doc. 16 at 27; App. Tab T at 12); (3) failure to present testimony of Greg Walker at trial concerning threats, intimidation and coercion of Philip Bosha (Petitioner's accuser) to testify (Doc. 16 at 30; App. Tab T at 13); (4) failure to object or argue on appeal to the use of the evidence at closing in connection with the dismissed false reports to law enforcement officers (Doc. 16 at 31; App. Tab T at 13); (5)

8

failure to pursue the matter that Philip Bosha told Petitioner to ask Attorney Patrick Blessington why Bosha lied (Doc. 16 at 31; App. Tab T at 13); and (6) failure to correct the newspaper date error (Doc. 16 at 28; App. Tab T at 13-14).

Regarding the claims that were adjudicated on the merits, the Court must determine whether Petitioner is barred by § 2254(d).  Petitioner's claim must be examined under the "contrary to...or unreasonable application of clearly established Federal law as determined by the Supreme Court" exception.  § 2254(d)(1).  Analyzing the "contrary to" provision involves determining whether the applicable Supreme Court precedent would require an outcome that is contrary to the lower court decision.  *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999).  The lower court does not need to cite cases or even be aware of Supreme Court precedent as long as their decision does not contradict the applicable precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  If the state court decision is not "contrary to" the Supreme Court precedent, then it is necessary to consider whether the decision involved an unreasonable application of the relevant precedent.  *Matteo*, 171 F.3d at 889.  A federal habeas petition should not be granted unless after an objective and merit based evaluation, the outcome cannot reasonably be justified under the applicable Supreme Court precedent.  *Id.* at 890.

The Supreme Court explained the relevant federal law for an ineffective counsel claim in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A defendant must show that counsel's representation did not meet an objective standard of reasonableness. *Id.* at 688. Moreover, when counsel's performance is undergoing judicial scrutiny it must be given high deference. *Id.* at 689.

The *Strickland* test qualifies as "clearly established federal law." *Williams*, 489 U.S. at 363. Thus, the standards set out in *Strickland* should be regarded as the applicable Supreme Court precedent to apply regarding ineffective counsel. The *Strickland* standards do not appear to require an outcome that is contrary to the Court of Common Pleas' finding that counsel was not ineffective.

Since the Court of Common Pleas decision does not appear to be contrary to applicable Supreme Court precedent, the second prong of § 2254(d)(1), unreasonable application of federal law, must be analyzed. The Court of Common Pleas did not cite federal law, but applied the Pennsylvania standard that includes merit of underlying claim, reasonable basis of counsel's conduct and reasonable probability that but for the counsel's ineffectiveness the outcome would be different. (App. Tab T, 12.) The Pennsylvania standard for determining whether counsel was ineffective is comparable to the relevant Supreme Court precedent addressing effectiveness. *Werts*, 228 F.3d at 203. Therefore, it is necessary to determine if the Court of Common Pleas' finding based on the Pennsylvania standard cannot reasonably be justified under *Strickland*, the applicable Supreme Court precedent.

In denying Petitioner's PCRA Petition, the Court of Common Pleas found that counsel effectively attacked the credibility of both Bosha and the District Attorney, and that there was no reasonable probability that additional attacks would have altered the outcome of the trial.

10

(App. Tab T at 14.)  Further, it also noted that Petitioner was acquitted of other charges (seven felonies and four misdemeanors) relating to receipt of payments or bribes.  (App. Tab T at 7, 14.)  Based on the evidence presented at the PCRA hearing, the Court of Common Pleas found that counsel did not make errors serious enough to be deemed non-functioning nor to deprive defendant of a fair trial.  Based on the trial strategy of Petitioner's counsel and the high deference given to counsel's performance, Petitioner's claims of ineffective counsel do not show that counsel's performance was deficient, deprived him of a fair trial or failed to meet an objective standard of reasonableness.  After objective evaluation on the merits it does not appear that the state court decision is unreasonable under the precedent established in *Strickland.*  Therefore, Petitioner is not entitled to relief on this claim.

The following claims by Petitioner were raised in his PCRA Petition; however, the Court of Common Pleas did not mention them in its opinion.  Therefore, the following claims were not adjudicated on the merits: (1) failure to use Petitioner's letter regarding his state of mind (Doc. 16 at 27-28); and (2) failure to object to obstruction of administration of law wording in jury charge (Doc. 16 at 28-29).

Regarding these claims that were not adjudicated on the merits but mentioned in the Amended Petition, § 2254(d) does not apply.  Thus, the Court must "conduct a *de novo* review."  *Appel*, 250 F.3d at 210.  As noted, Petitioner must show that counsel's performance was deficient and deprived him of a fair trial.  *Strickland,* 466 U.S. at 687.  The claims presented in Petitioner's Amended Complaint that were not adjudicated on the merits fail to show errors "so serious as to deprive defendant of a fair trial" or demonstrate deficient performance that prejudiced the defense.  *Id.*  Further, as noted above, in light of the trial

strategy noted by the Court of Common Pleas, the high deference given to counsel's performance and the fact that Petitioner was acquitted on other counts while represented by counsel, it appears that representation by counsel did not fall below an objective standard of reasonableness and thus was not ineffective.  Regarding both claims that were either adjudicated on the merits or subject to *de novo* review, Petitioner is not entitled to relief because his claims did not produce errors that were so deficient as to deprive him of a fair trial.

In addition, there were claims that were not in Petitioner's PCRA Petition and thus were not adjudicated on the merits by the Court of Common Pleas.  These include (1) mishandling of the Order of Court (Doc. 16 at 24); (2) failure to obtain a transcript of the jury charge (Doc. 16 at 29); (3) failure to use exhibits for a conflict of interest theory (Doc. 16 at 30); and (4) failure to pursue lack of volunteering information issue (Doc. 16 at 31).

A district court shall entertain an application for a writ of habeas corpus only if the applicant has exhausted available state court remedies.  § 2254(b).  Exhaustion requires the applicant to "fairly present" claims to a state court before bringing them to a federal court. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).  In order to "fairly present" a claim, the applicant must present the legal and factual substance to the state courts in such a way that the state court is aware of the federal claim asserted.  *Id.* at 261.  A similar claim made in state court is not sufficient.  *Id.* (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Even if a petitioner states other claims of ineffective counsel, he must identify the "specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997).  The additional claims made by Petitioner were

12

not in the original PCRA Petition and thus he did not exhaust his state court remedies with regards to these claims.

Since the new claims were not presented to the state court at the post conviction proceeding, it is necessary to determine if Petitioner is procedurally barred from now bringing these claims in state court.  If a state procedural rule bars the applicant from seeking relief in state courts, exhaustion is satisfied since the applicant can no longer pursue state remedies.  *McCandless*, 172 F.3d at 260.  However, this is considered a procedural default and the federal courts may not consider these claims on the merits unless the applicant can excuse the default by establishing "cause and prejudice" or a "fundamental miscarriage of justice."  *Id.*

To be eligible for relief under Pennsylvania State law, Petitioner must be currently serving a sentence for the crime committed.  42 Pa.C.S. § 9543 (a)(1)(i).  Petitioner's sentence expired on July 31, 2003 and therefore he cannot pursue post conviction relief. (Doc. 16.)  Due to his inability to pursue post conviction relief, Petitioner has procedurally defaulted and the Court cannot consider this claim unless there is "cause and prejudice" or a "fundamental miscarriage of justice."  *McCandless*, 172 F.3d at 260.

In order to overcome a procedural default, the applicant must show that there was cause and actual prejudice due to the alleged violation of federal law.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Cause must be an external objective factor that impedes efforts to comply with the procedural rule.  *Id.* at 753.  Ineffective assistance of counsel can constitute cause, however the determination of cause does not depend on the error or gravity of error that counsel may have made.  *Murray v. Carrier*, 477 U.S. 478, 488

13

(1986).   As long as counsel's performance is not deemed ineffective under the *Strickland* standard*,* a defendant bears the risk of attorney error that might result in a procedural default.  *Id.*  To establish cause because of ineffective counsel,  defendant must show an external factor that impeded counsel's effort to comply with the procedural rule.  *Id.*

In this situation, there does not appear to be an external objective factor such as an external interference which prohibited Petitioner from addressing the additional ineffective counsel claims in his PCRA Petition, thus making compliance impracticable.  In addition, as previously discussed, Petitioner's counsel did not fall below the *Strickland* standard and thus was not ineffective.  Petitioner would not be able to establish cause for his procedural default and therefore he would be barred from bringing this claim to the Court for consideration on the merits.

Lastly, a "fundamental miscarriage of justice" may establish that a federal habeas court can consider a habeas petition despite procedural default and lack of cause.  *Murray*, 477 U.S. at 496.  A "fundamental miscarriage of justice" occurs if the constitutional violation results in the conviction of one who is actually innocent.  *Id.*  To establish actual innocence, a petitioner must demonstrate that in light of the evidence it is more likely than not that no reasonable juror would find the defendant guilty beyond a reasonable doubt.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A petitioner could not establish actual innocence unless he persuaded the court that no juror, acting reasonably, would find him guilty.  *Id.* at 329.

Petitioner mentions actual innocence as a separate claim in his Amended Petition but does not address it in reference to overcoming a procedural bar.  "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas

14

petition must pass to have his otherwise-barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  Therefore, Petitioner's claim of actual innocence cannot be considered as a separate constitutional claim.  Moreover, while actual innocence is mentioned in paragraph 14g, Petitioner does not provide any other information regarding it in the Petition and thus has not demonstrated that it is more likely than not that no reasonable juror would find him guilty.  Since Petitioner has not established actual innocence there is no "fundamental miscarriage of justice."  Petitioner has procedurally defaulted from exercising his new claims in state court and does not fall under the "cause and prejudice" or "fundamental miscarriage of justice" exception.  For the reasons mentioned above, Petitioner is not entitled to relief on this claim.

### Claim 4: Grand Jury Selection & Impanelment

Petitioner claims he is entitled to relief because his conviction was obtained by a grand jury that was unconstitutionally selected and impaneled, "namely by the clear conflict of interest within the District Attorney's Office of Lackawanna County by acting as both prosecutors and witnesses."  (Doc. 16.)   Respondent contends that because "unconstitutional jury selection" was not previously presented as a claim, the claim is procedurally defaulted.  Respondent further contends that "conflict of interest" is a new claim, and it is untimely based on the statute of limitations.  (Doc. 17 at 30.)

The Court must determine whether Petitioner's claim was adjudicated on the merits in state court.  Petitioner's claim that the grand jury was unconstitutionally selected and impaneled was not presented to the Court of Common Pleas, thus it was not adjudicated on the merits.  The next determination is whether the applicant has exhausted state court

remedies.  § 2254(b).  While Petitioner presented a conflict of interest claim to the Superior Court, which mentioned issues concerning the grand jury and the prosecutor, he did not specifically address the issue presented to this Court regarding the unconstitutional selection and impanelment of the grand jury.  Further, the grand jury claim was not presented in Petitioner's PCRA Petition.  Therefore, the claim was not fairly presented to the state court and Petitioner did not exhaust all available state court remedies.

After determining that Petitioner did not fully exhaust his remedies in state court, it is necessary to determine if he is procedurally barred from now bringing the claim in state court.  As previously discussed, to be eligible for relief under Pennsylvania state-law a petitioner must be currently serving a sentence for the crime committed. 42 Pa.C.S. § 9543 (a)(1)(i).  Petitioner's sentence expired on July 31, 2003 and therefore he can no longer pursue post conviction relief.  (Doc. 16).  Due to his inability to pursue post conviction relief regarding the grand jury claim, Petitioner has procedurally defaulted and the Court cannot consider this claim unless there is "cause and prejudice" or a "fundamental miscarriage of justice." *McCandless*, 172 F.3d at 260.

In this situation, there does not appear to be an external objective factor such as an external interference that would make compliance impracticable.  While Petitioner mentioned the grand jury in his appeal to the Superior Court, he did not address the constitutional claim concerning grand jury selection and impanelment.  Further, Petitioner did not include the grand jury selection claim in his PCRA Petition and there does not appear to be an external factor that prohibited Petitioner from addressing the claim in that Petition.  In addition, Petitioner's counsel did not make errors that would have effectively denied him the right to counsel under the Sixth Amendment.  Petitioner would not be able to establish cause for his

16

procedural default and therefore he would be barred from bringing this claim to the Court for consideration on the merits.

Lastly, as addressed above, Petitioner has not established actual innocence and thus there is no "fundamental miscarriage of justice" that would excuse his procedural default. Petitioner has procedurally defaulted from exercising his grand jury claim in state court and does not fall under the "cause and prejudice" or "fundamental miscarriage of justice" exceptions.  Therefore, Petitioner is not entitled to relief on this claim.

### Claim 5: Due Process & Right to Confrontation

Petitioner claims he is entitled to relief because his conviction and denial of his PCRA Petition were a violation of his due process rights and right to confrontation (Doc. 16). Respondent contends that Petitioner's argument is incoherent and Petitioner is barred by § 2254(d).  (Doc. 17 at 27.)

The Court must first determine whether Petitioner's claim was adjudicated on the merits in state court.  It appears that Petitioner is basing his claim on the fact that his accuser, Philip Bosha, invoked his privilege against self-incrimination at Petitioner's PCRA hearing, three years after Petitioner's trial.  Since the invocation of the privilege was at the post conviction proceeding, Petitioner has not had the opportunity to bring this claim until now.  Therefore, the claim was not adjudicated on the merits, and § 2254(d) does not apply.

As noted above, a district court shall entertain an application for a writ of habeas corpus only if the applicant has exhausted available state court remedies.  § 2254(b).  This claim made by Petitioner did not arise until the post conviction proceedings and therefore he could not have presented his claim in state court prior to that time.

Since the claim did not arise and thus could not have been presented to the state

17

court before the post conviction proceeding, it is necessary to determine if Petitioner is procedurally barred from now bringing the claim in state court.  As previously discussed, Petitioner's sentence expired on July 31, 2003 and therefore he can no longer pursue post conviction relief.  (Doc. 16.)  Due to his inability to pursue post conviction relief, Petitioner has procedurally defaulted and the Court cannot consider this claim unless there is "cause and prejudice" or "fundamental miscarriage of justice."  *McCandless*, 172 F.3d at 260.

In this situation, there does not appear to be an external objective factor such as an external interference which prohibited Petitioner from addressing the claim before his sentence expired, thus making compliance impracticable.  In addition, as previously discussed, Petitioner's counsel did not fall below the *Strickland* standard and thus was not ineffective.  Petitioner would not be able to establish cause for his procedural default and therefore he would be barred from bringing this claim to the Court for consideration on the merits.

Further, because Petitioner has not established actual innocence there is no "fundamental miscarriage of justice."  Petitioner has procedurally defaulted from exercising his claim in state court and does not fall under the "cause and prejudice" or "fundamental miscarriage of justice" exception.  For these reasons, Petitioner is not entitled to relief on this claim.

### Claim 6: Non-disclosure of Favorable Evidence

Petitioner claims he is entitled to relief because the Commonwealth did not disclose to Petitioner favorable evidence concerning alleged threats, coercion and favorable treatment given to Petitioner's accuser.  (Doc. 16.)  Respondent contends that Petitioner is

barred by § 2254(d).  (Doc. 17 at 26.)

The Court must first determine whether § 2254(d) applies.  To apply, Petitioner's claims must have been adjudicated on the merits in state court.  The Court of Common Pleas denied Petitioner's PCRA Petition. (App. Tab U.) Regarding Petitioner's present claim of non-disclosure of favorable evidence concerning the alleged threats, coercion and favorable treatment given to Petitioner's accuser, the Court of Common Pleas found that "while no *state or federal prosecutor or investigator* requested any favorable treatment for Philip Bosha during the course of his incarceration at the Lackawanna County Prison, [the Court of Common Pleas] believe[s] Philip Bosha did receive preferential treatment while incarcerated at the Lackawanna County prison." (App. Tab T at 4.)  The court rendered its decision based on the substance of this claim; therefore, this claim was adjudicated on the merits.

Next, the Court must turn to whether Petitioner is barred by § 2254(d).  Petitioner's claim is based on factual determinations made by the state court, so it must be examined in light of the "unreasonable determination of the facts" exception.  In denying Petitioner's Petition, the Court of Common Pleas listed as fact that after receiving a federal sentence of twenty-seven months, Petitioner's accuser, Philip Bosha, spent sixty-nine days of a minimum twelve months incarcerated in state prison.  (App. Tab T at 3.)  Further, the Court of Common Pleas listed as fact that Bosha, after pleading guilty to criminal conspiracy to commit theft, made no payments of restitution.  (App. Tab T at 3.)

In his Amended Petition, Petitioner argues that Bosha's incarceration in state prison for a federal crime implies coercion or special treatment given to Bosha in return for false testimony against Petitioner. (Doc. 16 at 18.)  Additionally, Petitioner argues that Bosha was

19

given trustee status in state prison, his "house arrest rental fee" was reduced from $140 per week to $70 per week, he did not make his restitution payments, and he was granted early work release and home confinement. (Doc. 16 at 17-19.) The Court of Common Pleas, however, found that Bosha actually preferred incarceration at federal prison. (App. Tab T at 4.) Further, changes regarding Bosha's incarceration status were made by judicial order. (App. Tab T, Exhibits D-36, D-37 &D-39.) The Court of Common Pleas held that while Bosha did receive special treatment, "no state or federal prosecutor or investigator requested any favorable treatment for Philip Bosha during the course of his incarceration at the Lackawanna County Prison." (App. Tab T at 4.)

In light of the legally admissible evidence presented at the PCRA hearing, the Court of Common Pleas made no finding that any state or federal prosecutor or investigator threatened or coerced false accusations, or requested special treatment in return for false testimony. Petitioner's argument shows special treatment was given to Bosha, but Petitioner does not show the Commonwealth concealed special treatment or made undisclosed deals. Special treatment was afforded by judicial order, and Petitioner's argument that Bosha has not made restitution payments merely indicates that Bosha was deficient. For these reasons, Petitioner has failed to prove that the Court of Common Pleas' failure to identify any concealed special treatment or undisclosed deals was an "unreasonable determination of the facts," pursuant to § 2254(d). Therefore, Petitioner is not entitled to relief on this claim.

**Claim 7: Actual Innocence**

As previously discussed, actual innocence is not itself a separate constitutional claim. *Herrera*, 506 U.S. at 404. Further, due to Petitioner's failure to demonstrate that he is

20

actually innocent there is no "fundamental miscarriage of justice" that would overcome a procedural bar for non-exhausted claims.  Petitioner is therefore not entitled to relief on this claim.

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to federal habeas corpus relief on his seven claims.  Accordingly, his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 16) will be denied.

An appropriate Order will follow.

Date: November 21, 2006                    /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FRANCIS P. EAGEN, III,

      Petitioner,

          v.

THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA,
THE DISTRICT ATTORNEY OF
LACKAWANNA COUNTY, AND THE
PROBATION AND PAROLE
DEPARTMENT OF LACKAWANNA
COUNTY,

      Respondents.

NO. 3: CV-03-1266

(JUDGE CAPUTO)

<u>**ORDER**</u>

    **NOW**, this 21st  day of November, 2006, **IT IS HEREBY ORDERED** that:

(1)  Petitioner Francis Eagen, III's Amended Petition for Writ of Habeas Corpus

     (Doc. 16) is **DENIED**.


(2)  The Clerk of Court shall mark this case **CLOSED**.

               /s/ A. Richard Caputo
               A. Richard Caputo
               United States District Judge